# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GARY GREEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0473-WS-M |
| | ) |
| **U.S. DEPARTMENT OF HOUSING** | ) |
| **AND URBAN DEVELOPMENT,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on *pro se* plaintiff Gary Green's Motion to Respond to Order Notice of Service Attempt (doc. 5), Motion for Judgment on Pleading (doc. 6), Request for Clarification (doc. 7), and Application for Entry of Default (doc. 12). The Court will address each of these filings in turn.

First, in his "Motion to Respond to Order Notice of Service Attempt," Green apparently attempts to demonstrate that he has served process on defendant United States Department of Housing and Urban Development ("HUD"). To prove service, Green points to a certified mailing of the summons and complaint to HUD at an address in Washington DC. As noted in this Court's August 27 Order (doc. 4), however, such an effort (without more) is not effective service. Plaintiff is once again directed to consult Rule 4(i) of the Federal Rules of Civil Procedure for guidance as to the appropriate procedure for service of process on HUD. To the extent that Green's "Motion to Respond to Order" (doc. 5) is asking this Court to recognize or validate service of process on HUD when Green has failed to comply with the very specific requirements of Rule 4(i), that Motion is **denied**. It remains Green's sole responsibility to complete service of process on HUD within the timeframe provided by the Federal Rules of Civil Procedure, and to comply with the Service Order (doc. 3) entered in this case.

Second, in his "Motion for Judgment on Pleading," Green requests entry of judgment in his favor against defendant McFadden Realty on the ground that McFadden Realty's answer was

technically infirm. In particular, Green asserts that McFadden Realty's answer "was improperly prsented [*sic*]," that "it had no paragraphs answering the allegations set forth in the complaint," the paragraphs were not numbered, there was "no clear presentation of the matters set forth," and so on. (Doc. 6, at 1.) This Motion is not well taken. On August 27, 2010, the undersigned entered an Order (doc. 4) placing McFadden Realty on notice that it could not proceed in this action *pro se*. On September 14, 2010, McFadden Realty complied fully with the August 27 Order by having counsel of record appear on its behalf. Contemporaneously with his Notice of Appearance (doc. 9), McFadden Realty's counsel filed an Amended Answer (doc. 10) that appears to comport with all pleading requirements of the Federal Rules of Civil Procedure. Because the flaws with McFadden Realty's original, *pro se* answer have been remedied by the Amended Answer, Green's Motion for Judgment on the Pleadings as to McFadden Realty is **denied**. McFadden Realty has properly appeared in this matter by and through counsel, and has filed a proper responsive pleading. This action will proceed forward on the merits as to Green's claims against McFadden Realty.

Third, Green filed a Request for Clarification (doc. 7) inquiring about the status of defendant McFadden Realty, the deadline and format of his "reply to each defendant's answer," the status of his motion for discovery, and the status of his "Motion to respond to attempt to serve" defendant HUD. The Request for Clarification is **granted** as follows: The status of defendant McFadden Realty's answer has already been addressed above, as has plaintiff's service attempt on defendant HUD. Plaintiff's Motion for Discovery (doc. 8) was denied by Magistrate Judge Milling on September 15, 2010. And Green's inquiries about timing and format of his contemplated "reply" to defendants' answers are unnecessary because the Federal Rules of Civil Procedure neither require nor allow a plaintiff to file a "reply" to a defendant's answer. *See* Rule 7(a), Fed.R.Civ.P.[1]

---

[1] More generally, the Court notes that plaintiff's request for clarification was filed contemporaneously with several of the motions about which he sought clarification. The Court assures Green that written notice of all judicial rulings in this matter will be mailed to him promptly after they are entered. It is neither necessary nor constructive for him to file a "Request" concurrently with his motions asking for information as to how those motions have been decided. Future "requests for clarification" may be summarily denied or stricken as wasteful of judicial resources if they pertain to motions that Green is filing contemporaneously with such requests.

Fourth, Green submitted a filing styled "Application, Affidavit, and Entry of Default" pertaining to defendant Prichard Housing Authority. It is true that Prichard Housing Authority has not appeared in this action to date; however, the Court has no basis for concluding that service of process has been perfected on that defendant. To be sure, Green submits his own affidavit wherein he summarily states that this defendant "was served with a summons and a copy of the statement of claim/complaint date <u>Aug. 16, 2010.</u>" (Doc. 12, ¶ 2.) But there is no information in the court file as to where, how or by whom service was perfected on this defendant. Without proof of service as required by Rule 4(*l*), Fed.R.Civ.P., the undersigned will not authorize entry of default against defendant Prichard Housing Authority because the Court cannot ascertain from Green's conclusory submissions that service has ever been achieved so as to give rise to jurisdiction over that defendant. *See generally Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.") (citation omitted); *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void."). In light of the foregoing defects, plaintiff's Application for Entry of Default (doc. 12) is **denied**, without prejudice to plaintiff's ability to renew such application upon a proper evidentiary showing of when, where, and by what method Green contends he served process on the Prichard Housing Authority; provided, further, that any renewed application for default against this defendant must be accompanied by a certificate of service reflecting that Green has mailed a copy of such application to that defendant.

The Clerk of Court is **directed** to mail a copy of this Order to Prichard Housing Authority, P.O. Box 10307, Prichard, AL 36610, to alert that defendant to Green's efforts to initiate default proceedings against it.

DONE and ORDERED this 16th day of September, 2010.

<u>s/ WILLIAM H. STEELE</u>
CHIEF UNITED STATES DISTRICT JUDGE