# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GARY GREEN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0473-WS-M |
| | ) |
| U.S. DEPARTMENT OF HOUSING AND | ) |
| URBAN DEVELOPMENT, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 27) filed by the Secretary of the United States Department of Housing and Urban Development ("HUD"). On November 15, 2010, the undersigned entered an Order (doc. 28) providing that any party opposing the Motion must file a response by no later than November 30, 2010. To date, no such responses have been filed.

**I.   Procedural Posture.**

On July 28, 2010, plaintiff, Gary Green, an Alabama prisoner proceeding *pro se*, filed a Complaint in the Circuit Court of Mobile County, Alabama, against named defendants McFadden Realty, the City of Prichard Housing Authority, and the U.S. Department of Housing and Urban Development. The Complaint is difficult to follow; however, it sets forth Green's contention that defendants engaged in fraud, misrepresentation, breach of duty, and unspecified constitutional deprivations with respect to certain property found at 2475 Boyette Street in Mobile, Alabama. Green maintains that McFadden Realty, the Prichard Housing Authority, and HUD leased the Boyette Street property to third parties without making rental payments to Green, even after Green redeemed the property from foreclosure. According to the Complaint, the chronology appears to be as follows: (1) McFadden Realty and/or Prichard Housing Authority managed the property and failed to set aside payments via escrow account for property tax purposes, (2) the State of Alabama foreclosed on the property for unpaid property taxes, (3) Green repurchased or redeemed the property after foreclosure, and (4) defendants continued to

lease the property to third parties without Green's consent, and without paying him rental monies. Exhibits appended to the Complaint also suggest some kind of dispute between Green and a non-party called Crusader Servicing Corporation concerning Green's failure to make agreed-upon payments to redeem his interest in the property. It is unclear how (or even whether) Green's dispute with Crusader factors into the claims asserted herein.

Be that as it may, HUD filed a Notice of Removal (doc. 1) on August 27, 2010, removing this action to this District Court. The sole asserted basis for removal jurisdiction was that "the complaint alleges a cause of action against a federal agency." (*Id.*, ¶ 2.) By statute, any federal agency may remove a civil action against it "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).[1]

## II. Analysis.

HUD now moves for dismissal of Green's claims against it on the grounds that the Complaint fails to plead sufficient facts to show a waiver of sovereign immunity, fails to plead the jurisdictional basis for his claims against HUD, and fails to satisfy federal pleading standards of *Twombly* and *Iqbal*. Movant is correct that all of these defects exist; indeed, they are all intertwined. Federal law requires that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). The factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

That's just the problem here. From reading the Complaint, one cannot discern what acts or omissions Green attributes to HUD or what specific claims he is bringing against HUD. In

---

[1] The Notice of Removal did not suggest that there is federal question jurisdiction, nor could it given the Complaint's failure to assert any federal statutory claims and its inclusion of only vague references to constitutional deprivations, without identifying the constitutional provisions at issue or stating whether they arise under the U.S. Constitution or the Alabama Constitution. No federal question can be reasonably gleaned from the face of the Complaint. *See, e.g., Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (citation omitted); *Pacheco de Perez v. AT &T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint ….").

other words, it is impossible to determine from the face of the Complaint what Green is contending HUD should have done or refrained from doing, and how Green maintains that HUD harmed him. In its present form, the Complaint simply lumps HUD's name in with references to the other defendants, without distinguishing it from the others, or explaining what any of these allegations have to do with HUD or why Green is suing HUD. None of the facts in the Complaint state a claim against HUD that is plausible on its face or identify any factual or legal basis from which a waiver of HUD's sovereign immunity might be imputed.

In light of these defects, HUD urges the Court to make guesses about Green's claims by assuming that he is suing under the Administrative Procedure Act based on HUD having "some undefined responsibility in the administration of the Section 8 housing program." (Doc. 27, at 5.) But this Court does not know whether Green is proceeding on such a theory. Neither does HUD. The Complaint is simply too threadbare to reveal that information. Simply put, the dearth of allegations concerning HUD means that the Complaint, in its present form, does not show any basis for waiver of sovereign immunity, does not identify a viable jurisdictional theory against that defendant, and does not satisfy established pleading standards under *Twombly/Iqbal*. Each of these defects is bound up in, and directly related to, the others.

As this case is currently postured, however, the Court cannot conclude with certainty that a more carefully drafted complaint would neither state a claim against HUD nor correct the technical infirmities identified by HUD's Motion to Dismiss.[2] Moreover, it seems unduly harsh to toss out Green's claims against HUD for non-compliance with federal pleading standards when he filed that Complaint in state court, not federal court, and could not have known that his Complaint would be assessed under the *Twombly/Iqbal* test. In light of these considerations, and in deference to plaintiff's *pro se* status, the Court will afford Green a limited opportunity to replead those claims.

---

[2] This is not to say that the Complaint inspires confidence that Green's claims against HUD are meritorious or even cognizable. It is to say, however, that Green's claims against that defendant are pleaded in such skeletal fashion that it is impossible to determine what the factual predicate or legal theory animating those claims might be. Rather than speculating or simply assuming that Green cannot correct this problem, the Court will permit him to attempt to do so.

**III.     Conclusion.**

For all of the foregoing reasons, the Court will not reflexively impose the draconian sanction of dismissing the *pro se* plaintiff's claims against HUD based on the pleading defects identified in the Motion to Dismiss without first giving plaintiff an opportunity for repleader. Accordingly, the Motion to Dismiss (doc. 27) is **denied** at this time.  However, Green is **ordered**, on or before **December 27, 2010**, to file an Amended Complaint that, at a minimum, does the following: (i) recites the specific facts on which his claims against HUD are based (*i.e.*, what does Green contend that HUD did or failed to do?); (ii) identifies the specific legal theories animating his claims against HUD (*i.e.*, what statute or constitutional provision does Green contend that HUD violated?  How did HUD violate it?  If he is suing HUD on theories of common-law fraud or negligence, how does he contend HUD waived its sovereign immunity?); and (iii) re-asserts his facts and legal claims concerning all other defendants.  Of course, HUD has leave of court to renew its Motion to Dismiss if appropriate after the Amended Complaint is filed.

In deference to Green's *pro se* status, he is cautioned that *failure to respond to this Order in a timely manner will result in prompt dismissal of his claims against HUD for failure to comply with court orders and failure to prosecute*.[3]

In light of this ruling, the stay of the parties' deadline for filing their report of parties' planning meeting imposed by the Order (doc. 30) entered on December 2, 2010 is **continued until further notice**.  If Green timely files an Amended Complaint that corrects the deficiencies of its predecessor and states cognizable claims against HUD, then this Court will lift the stay and impose a new deadline for the parties to file their Rule 26(f) report.  For now, however, it remains unclear whether Green can proceed in this litigation against HUD and, if not, whether this action will even remain in federal court as to the remaining defendants.

DONE and ORDERED this 10th day of December, 2010.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[3]     This is particularly true given that Green ignored a similar admonition set forth in this Court's Order (doc. 28) entered on November 15, 2010.