# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GARY GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0473-WS-M |
| | ) |
| U.S. DEPARTMENT OF HOUSING AND | ) |
| URBAN DEVELOPMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Federal Defendant's Motion to Dismiss Plaintiff's Claims Against U.S. Department of Housing and Urban Development (doc. 32).

### I.   Relevant Background.

On July 28, 2010, plaintiff, Gary Green, an Alabama prisoner proceeding *pro se*, filed a Complaint in the Circuit Court of Mobile County, Alabama, against named defendants McFadden Realty, the City of Prichard Housing Authority, and the U.S. Department of Housing and Urban Development. The Complaint is difficult to follow; however, it sets forth Green's contention that defendants engaged in fraud, misrepresentation, breach of duty, and unspecified constitutional deprivations with respect to certain property found at 2475 Boyette Street in Mobile, Alabama. HUD filed a Notice of Removal (doc. 1) on August 27, 2010, removing this action to this District Court. The sole asserted basis for removal jurisdiction was that "the complaint alleges a cause of action against a federal agency." (*Id.*, ¶ 2.) By statute, any federal agency may remove a civil action against it "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1).

After removing the case to federal court, HUD moved for dismissal of Green's claims against it on grounds that the Complaint fails to plead sufficient facts to show a waiver of sovereign immunity, fails to plead the jurisdictional basis for his claims against HUD, and fails to satisfy federal pleading standards of *Twombly* and *Iqbal*. On December 10, 2010, the undersigned entered an Order (doc. 31) finding that HUD's motion was well-taken because the

Complaint was inadequately pleaded to satisfy minimum standards under the Federal Rules of Civil Procedure. Rather than dismissing those claims outright, however, the December 10 Order afforded Green a limited window of opportunity to correct the enumerated defects. In particular, the December 10 Order provided as follows:

> "Green is **ordered**, on or before **December 27, 2010**, to file an Amended Complaint that, at a minimum, does the following: (i) recites the specific facts on which his claims against HUD are based (*i.e.*, what does Green contend that HUD did or failed to do?); (ii) identifies the specific legal theories animating his claims against HUD (*i.e.*, what statute or constitutional provision does Green contend that HUD violated? How did HUD violate it? If he is suing HUD on theories of common-law fraud or negligence, how does he contend HUD waived its sovereign immunity?); and (iii) re-asserts his facts and legal claims concerning all other defendants."

(Doc. 31, at 4.) The December 10 Order also cautioned Green that "***failure to respond to this Order in a timely manner will result in prompt dismissal of his claims against HUD for failure to comply with court orders and failure to prosecute***" and noted Green's poor track record of disregarding similar admonitions in this case. (*Id.* at 4 & n.3.)

Despite the very clear instructions set forth in the December 10 Order, and the unequivocal, bold-type warning that his claims against HUD would be dismissed in the event of noncompliance, Green failed to file the required materials prior to the court-established deadline. Indeed, the court file reflects no filing activity of any kind by plaintiff following the December 10 Order, and the undersigned's chambers have received no communications from plaintiff or anyone purporting to represent him in this matter. By all appearances, Green simply elected not to acknowledge or respond to the December 10 Order.

## II.     Dismissal of Plaintiff's Claims against HUD as a Sanction.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The December 10 Order was reasonable and well-grounded in law, yet Green ignored it, despite having been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the

proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Court specifically notified Green that he must file an Amended Complaint correcting his pleading deficiencies on or before December 27, 2010. The Court likewise admonished Green in the plainest of terms that failure to respond in a timely manner would result in dismissal of his claims against HUD. Yet Green did not file a timely response. He did not file anything. He did not request an extension of time. He did not contact the Court or Clerk's Office to seek relief from the strict terms of the December 10 Order.

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss plaintiff's claims against HUD for failure to

prosecute and for failure to abide by the orders of this Court. Accordingly, the Government's Motion to Dismiss (doc. 32) is **granted**, and plaintiff's claims against defendant U.S. Department of Housing and Urban Development are **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.

### III. Remand of Plaintiff's Remaining Claims.

With the dismissal of Green's claims against HUD, the sole asserted basis for removal (and indeed the sole basis of federal jurisdiction) has been excised from this case. As such, the Court's jurisdiction over the remaining claims is limited to supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Congress has conferred upon district courts the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3); *see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because no basis for original federal jurisdiction presently exists, the district court has the discretion to decline to exercise supplemental jurisdiction."); *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) ("A district court has discretion to dismiss state-law claims when all claims over which it has original jurisdiction have been dismissed.") (citation omitted). Binding authority "encourage[s] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

In applying appellate guidance favoring the declination of supplemental jurisdiction over state-law claims following dismissal of all original-jurisdiction claims, a court "should take into account concerns of comity, judicial economy, convenience, fairness and the like." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (citation omitted). After considering these factors, the Court finds that the continued exercise of supplemental jurisdiction is not warranted here. Because Alabama state courts are the final arbiters of Alabama law and plaintiff's sole federal claim has been dismissed early in the lifespan of this litigation, considerations of comity and judicial economy weigh in favor of declining supplemental jurisdiction. Nor would it be inconvenient or unfair for this action to proceed in state court where it began, rather than in federal court.

Accordingly, the undersigned exercises his discretion under § 1367(c)(3) to decline supplemental jurisdiction over the remaining state-law claims. In light of this ruling, the

appropriate course of action is for this case to be remanded to the Circuit Court of Mobile County, Alabama, from whence it came. *See Cook*, 402 F.3d at 1123 (where case was removed from state court, "if the district court decline to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court").

**IV. Conclusion.**

For all of the foregoing reasons, it is **ordered** as follows:

1. The Motion to Dismiss (doc. 32) is **granted**, and all of plaintiff's claims against U.S. Department of Housing and Urban Development are **dismissed without prejudice**; and

2. The Court **declines** to exercise supplemental jurisdiction over plaintiff's remaining claims (as to none of which original federal jurisdiction lies), and **remands** this action to the Circuit Court of Mobile County, Alabama, for further proceedings.

DONE and ORDERED this 10th day of January, 2011.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE